**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RONALD M. BARMOY,
Plaintiff-Appellant,

v.

THE TIMES AND ALLEGANIAN

No. 98-2239

COMPANY, t/a The Cumberland
Times-News, now known as
Thomson Newspapers, Incorporated,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-97-1729-WMN)

Submitted: May 11, 1999

Decided: September 24, 1999

Before ERVIN* and NIEMEYER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.
_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

**COUNSEL**

Raymond Frederick Weston, TROZZO & LOWERY, L.L.C., Cumberland, Maryland, for Appellant. Mark Lerner, SATTERLEE, STEPHENS, BURKE & BURKE, L.L.P., New York, New York; Lawrence Joseph Quinn, TYDINGS & ROSENBERG, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Barmoy appeals the district court's order granting summary judgment in favor of the Defendant and denying his motion to compel additional discovery in this defamation action. Finding no reversible error, we affirm.

Barmoy brought this defamation action against Defendant Thomson Newspapers, Inc., then doing business as The Times and Alleganian Company ("T&A"), after T&A published several articles that allegedly contained false and defamatory statements about him. At the time the articles were published, Barmoy was a member of the Board of Commissioners of the Frostburg Housing Authority ("FHA"). The articles in question concerned Barmoy's alleged support of the Board's decision to hire his son, Bradley Barmoy, as executive director of the FHA. Further, the articles reflected the opinion that Barmoy's support of his son for this position constituted a conflict of interest.

T&A removed the case to the United States District Court for the District of Maryland. Thereafter, T&A filed a motion for summary judgment and Barmoy filed motions for an extension of the discovery

2

deadline and to compel depositions from T&A's key agents in the publication of the newspaper articles in question.

The district court considered Barmoy's motion to compel, which alleged that the parties needed more discovery before summary judgment would be appropriate. The court noted that Barmoy failed to file a Fed. R. Civ. P. 56(f) affidavit setting out his reasons for needing additional discovery. Further, the court found that additional discovery would not provide evidence that the articles at issue contained false information. After reviewing evidence presented by both sides, the court concluded that the statements made in the articles were not false or made with actual malice, granted summary judgment in favor of T&A, and denied Barmoy's motion to compel as moot. Barmoy appealed.

We have carefully considered the district court's opinion, the written arguments of counsel, and the relevant portions of the record. Having done so, we find no reversible error in the district court's disposition of T&A's motion for summary judgment and Barmoy's motion to compel. We therefore affirm the district court's judgment for the reasons stated in its opinion. See Barmoy v. Times and Alleganian Co., No. CA-97-1729-WMN (D. Md. July 16, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3